IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM PORTER, Individually, and
MIRANDA STIVERS, Individually, and
As Next Friend to GAVIN OUTLAW, a Minor                              PLAINTIFFS

V.                           NO. 4:21-cv-574-JM

CITY OF LITTLE ROCK, a Municipality;
KENTON BUCKNER, individually, and
in his Official Capacity; TIMOTHY CALHOUN,
individually, JOHN DOE #1, Individually, and
JOHN DOE #2, Individually                                            DEFENDANTS

## PROTECTIVE ORDER[1]

    1.    Plaintiffs have requested copies of Little Rock Police Department ("LRPD") investigative, personnel, and SWAT Unit files from the Defendants in this matter. Plaintiffs have also requested LRPD files that contain the identity of individuals who are assisting or have assisted the LRPD as a confidential informant in one (1) or more investigations, whether open or closed, of matters that are criminal in nature. Defendants, in turn, have requested personal information, medical information and PHI from Plaintiffs. The parties maintain that certain information contained in the requested documents is sensitive information that should not be available to the general public and should therefore be protected by court order.

    2.    The Court finds that any information that could lead to the identification of a confidential informant used by the Defendants should be redacted. Any party may request of the Court an in camera review of redacted documents to determine whether the identity of any

---

[1] The term "confidential informant" includes those designated as "cooperating individuals" in Little Rock Police Department files.

particular confidential informant is "essential" as held in *Ladd v. Martin*, 339 Fed. Appx 660 (8th Cir. 2009).

    3.    The documents contained in the requested files may or may not be relevant to the issues in this case and the Court makes no determination on that issue at this time. If the parties do not ultimately agree on the relevance of documents, they can assert objections at the appropriate time. However, it is clear that certain information in the requested files is confidential and that such information should be redacted before it is produced by the parties. The Court also finds that documents produced in discovery should not be disclosed or used in any fashion outside the framework of this litigation. Therefore, it is ordered that copies of the files produced in response to their respective discovery requests shall be used solely for the purpose of litigating this action and that documents contained in the files shall not be disclosed except as permitted herein.

    4.    Any documents and information contained in files produced in response to discovery requests shall be Bates-stamped. The documents produced may be used in depositions taken in the case and as exhibits to any pleading filed with the Court, provided that certain sensitive information is redacted. In this regard, before producing files covered by this Order, counsel for Defendants are directed to ensure that certain information that pertains to the LRPD employees who are the subjects of the files is redacted. This includes social security numbers, driver's license numbers, employee identification numbers, personal telephone numbers, banking information, medical records and home addresses. The parties have agreed that, if any counsel notifies opposing counsel of the need to subpoena any individual whose address and telephone number is protected from disclosure pursuant to this Order, counsel will take reasonable steps to ensure that such individuals are made available to receive service of a subpoena.

5. The Court also finds that disclosure of the identity of confidential informants could reasonably be expected to endanger their lives or physical safety of members of their families. Counsel for Defendants are therefore directed to redact from all documents produced any information that could reveal the identity of a confidential informant. Information that must be redacted includes the following: the confidential informant's name, date of birth, Social Security number, driver's license number, or other government-issued number specific to him or her; work or personal contact information; physical description of the individual that could reasonably be used to identify him or her; and any other information about the individual that could reasonably be used to identify him or her.

6. The Court finds that production of redacted documents pertaining to confidential informants is appropriate and that in camera review, if requested by the parties, is the appropriate means for the Court to determine whether the identity of any particular confidential informant is essential and should be disclosed by the Defendants.

7. Those subject to this Order are the parties to the action, including all of their officers, directors, employees, and experts retained to consult or testify at a trial of this action. Counsel are strictly forbidden from disseminating any documents covered by this Order to anyone not described in this paragraph as being permitted to view the documents and are likewise directed not to discuss confidential information contained in any such documents with anyone other than those persons covered by the provisions of this Order as state above. Copies of all files produced in discovery shall be maintained in the custody of counsel and not distributed to anyone with the exception of an expert witness retained by counsel for the parties as a consultant or witness.

8. This Order is entered based on the representations in accordance with the Court's

ruling on June 22, 2020, (Docket # 26) in Case No. 4:19CV00551 JM, after consideration of the parties' motions and responses for the purpose of facilitating discovery and entrance of a protective order. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. Counsel acknowledges and understands that a violation of the Order could subject them to a finding of contempt of Court.

9.   Within thirty (30) days of the final termination of this action, including all appeals, counsel for each party shall return all documents produced in response to the discovery requests, including copies of such documents. Counsel for the parties shall designate the person to whom the records are to be returned. The cost of returning records shall be borne by the party returning them.

The motion for protective order (ECF No. 28) is GRANTED.

**IT IS SO ORDERED THIS 13th DAY OF JUNE, 2022.**

_____
**JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE**